UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESMOND HIGGINS,

        Petitioner,

-vs-                                          Case No. 8:06-cv- 2194-T-24MAP

SECRETARY, DEPT. OF CORRECTIONS,

        Respondent.
_____/

## ORDER

This cause is before the court on Desmond Higgins' 28 U.S.C. § 2254 petition for writ of habeas corpus. Higgins challenges his conviction and sentence entered by the Circuit Court for the Fifth Judicial Circuit, Hernando County, Florida.

### FACTUAL AND PROCEDURAL HISTORY

Higgins was charged with robbery with a firearm. (App. A). After a jury convicted him of the charge, the state trial court sentenced Higgins to 15 years incarceration followed by 10 years probation. (Apps. B, C). Higgins appealed the conviction and sentence. (App. D). On April 20, 2004, the state district court of appeal per curiam affirmed the conviction and sentence. Higgins v. State, 871 So. 2d 896 (Fla. 5th DCA 2004). (App. G).[1]

Higgins filed a rule 3.850 motion for post conviction relief on November 10, 2004. (App. H). The state trial court held an evidentiary hearing on February 3, 2005. (App. I). Higgins' trial counsel, Aldo Ojeda, was the sole witness. The state trial court denied the rule 3.85 motion on May 4, 2005. (App. J). On May 31, 2005, Higgins appealed the denial of rule 3.850 relief. On

---

[1] The mandate issued May 7, 2004.

December 27, 2005, the state district court of appeal per curiam affirmed the denial of rule 3.850 relief. Higgins v. State, 918 So. 2d 309 (Fla. 5th DCA 2005). (App. M). The mandate issued January 13, 2006. (App. M) Higgins filed a "Motion to Recall Mandate" on February 16, 2006. (App. N) The motion was denied on February 23, 2006. (App. O) Higgins then filed a petition for writ of certiorari in the United States Supreme Court on March 27, 2006, seeking review of the denial of rule 3.850 relief. (App. P) The petition for writ of certiorari was denied on October 2, 2006. (App. Q). Higgins signed the present federal petition on November 21, 2006.

The Present Petition Is Time-Barred

Pursuant to the terms of 28 U.S.C. section 2244(d), as amended by section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, a federal habeas corpus petition must be filed within one year of the date the Petitioner's conviction becomes final. This time period may be tolled for a properly filed state collateral petition or motion. See 28 U.S.C. § 2244(d)(2).

Allowing 90 days from April 20, 2004,[2] Higgins' conviction became final on July 19, 2004. Higgins' state court post-conviction motion was filed 114 days later, on November 10, 2004. Then, the time was properly tolled until January 13, 2006, when the state district court of appeal issued its mandate after affirming the denial of rule 3.850 relief.

On February 16, 2006, Higgins untimely filed a "Motion for Recall of Mandate." Florida Rule of Appellate Procedure 9.330(a) provides that any motion for "rehearing, clarification, or certification may be filed within 15 days" of the opinion. Higgins' "Motion for Recall of Mandate," filed February 16, 2006, untimely sought rehearing of the state appellate court decision. Since

---

[2] Rule 13, Supreme Court Rules states: "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate."

the rule 3.850 motion was no longer "pending" when the "Motion for Recall of Mandate" was filed, that motion did not toll the time for filing the present federal petition.

After the denial of Higgins' motion for recall of mandate, on February 23, 2006, Higgins sought certiorari review in the United States Supreme Court on March 27, 2006. That petition for writ of certiorari did not toll the one year time limit provided in section 2244(d)(2). The Eleventh Circuit Court of Appeals has held:

> On the other hand, an application "for State postconviction or other collateral review ... is pending," 28 U.S.C. § 2244(d)(2), only so long as the case is in the state courts. *See Rhine [v. Boone],* 182 F.3d [1153] at 1156 [(10th Cir. 1999)]. "A petition for writ of certiorari to the United States Supreme Court is simply not an application for state [court] review of any kind; it is neither an application for state post-conviction review nor an application for other state collateral review." *Id.* Likewise, the exhaustion of state remedies, which is a prerequisite to federal habeas review, does not require a prisoner to seek certiorari review in the Supreme Court of the state courts' denial of his state collateral petition. *See id.* The Fifth Circuit reached the same conclusion about this issue as did the Tenth Circuit, and for the same reasons. *See Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).
>
> We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes.

Coates v. Byrd, 211 F.3d 1225, 1227 (11th Cir. 2000), cert. denied, 531 U.S. 1166, (2001).

As the time was not tolled during the pendency Higgins' second petition for writ of certiorari, the present habeas petition should have been filed no later than 251 days from January 13, 2006, the date of the issuance of the rule 3.850 mandate, or on or before September 21, 2006. The present petition was not filed until November 21, 2006, and it is untimely.

Higgins filed a reply. The Court does not find his arguments persuasive, and Higgins has not demonstrated extraordinary circumstances that would entitle him to equitable tolling.

3

Accordingly, the Court orders:

That Higgins petition is denied, with prejudice. The Clerk is directed to close this case and to enter judgment against Higgins.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on January 22, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Desmond Higgins

4